## Morrison, et al. v. Gowdy.

(Decided May 1, 1923.)

### Appeal from Taylor Circuit Court.

Bills and Notes—Evidence Held to Sustain Finding Payee Had Not Released Makers from Liability.—Evidence consisting of the contradictory testimony of the parties, each supported by some circumstances, held sufficient to sustain a finding that the payee of a note sued on had not released the liability of defendants as makers on the note when defendants sold the chattels mortgaged to secure it to another who assumed payment of the note.

JEFF HENRY for appellants.

H. S. ROBINSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Appellant W. B. Morrison owed appellee Gowdy the sum of $112.20, evidenced by note executed in 1903. On the note are several small credits. The last one was placed on it in 1905. This suit was brought by appellee Gowdy in 1919 against Morrison and his wife on the note and for an attachment against the property of the two Morrisons.

The Morrisons defended upon the ground that they had been discharged from liability by Gowdy when one Russell to whom they aver in their answer the mules owned by Morrison and mortgaged to Gowdy to secure the note had been transferred with the knowledge and acquiescence of Gowdy and under and by an agreement with Gowdy by which Gowdy was to accept Russell as obligor and discharge Morrison from further liability on the note, and that in pursuance to said agreement Gowdy did discharge and release appellant W. B. Morrison from liability on the note. The case therefore resolved itself into a single question of fact: Did appellee Gowdy release and discharge appellant Morrison under and by an agreement such as alleged in the answer? If he did, then Morrison was not liable on the note; but if he did not, then Morrison is liable because he does not claim that he has paid the note in any other way. Both appellant Morrison and appellee Gowdy testified concerning the note. Morrison admitted that the note was executed and that he owed it up until

it was assumed by Russell, and Gowdy discharged appellant Morrison. He testified unequivocally that Gowdy released and discharged him from liability on the note in 1905. Gowdy testified emphatically that the note had not been paid and that he did not accept Russell as obligor nor release appellant Morrison from the payment of the note. Some other evidence was introduced tending to support the testimony of each of the parties. On this question of fact the court found for appellee Gowdy; that the note had not been paid and that Morrison had not been discharged. The general order of attachment was sustained. There was abundant evidence to support this finding and it will not be disturbed.

Judgment affirmed.